**E-Filed 9/13/10**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MAYA ARMOUR, an individual,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>IP UNITY LONG TERM DISABILITY PLAN; SUN LIFE AND HEALTH INSURANCE COMPANY (U.S.), formerly GE GROUP LIFE ASSURANCE COMPANY; and DOES 1 through 50;<br><br>　　　　　　　　Defendants. | Case Number 5:10-cv-00189 JF/HRL<br><br>**ORDER[1] DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>[Docket No. 52] |

Plaintiff Maya Armour ("Plaintiff") and Defendant Sun Life and Health Insurance Company ("Sun Life") previously filed cross-motions for partial summary judgment with respect to the applicable standard of review in this ERISA action. On August 25, 2010, the Court granted Plaintiff's motion and denied Sun Life's motion, holding that the applicable standard of review is *de novo*. The Court concluded that Sun Life has not met its burden of demonstrating that the plan unambiguously conferred discretion. *See Thomas v. Oregon Fruit Prods. Co.*, 228

---

[1] This disposition is not designated for publication in the official reports.

Case No. 5:10-cv-00189 JF/HRL
ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
(JFEX1)

F.3d 991, 994 (9th Cir. 2000). Pursuant to Civil Local Rule 7-9, Sun Life seeks leave to file a motion for reconsideration, asserting that the Court failed to consider material facts that Sun Life raised in connection with its motion for partial summary judgment and that new material facts have emerged. For the reasons discussed below, the motion will be denied.

## I. BACKGROUND

Resolution of the motions for partial summary judgment turned upon judicial construction of three documents that were presented to Plaintiff at various times. While she was employed by IP Unity, Plaintiff received a document entitled "Benefits Package for IP Unity" (the "Booklet"). (Docket No. 33 ¶ 2; Ex. A.) The Booklet "contains benefit plan summaries as they apply to eligible employees and their covered dependents," including a description of the plan's long-term disability benefits. (Docket 33, Ex. A at PLAN 000035; PLAN 000054.) After her claim for long-term disability benefits was denied in June 2007, Plaintiff asked Sun Life to provide copies of her "insurance policies and plan documents." (Docket No. 33 ¶ 9.) In response to that request, Sun Life provided Plaintiff with two documents: the certificate of insurance ("Certificate") and a two-page memorandum entitled "Your Rights Under ERISA" (the "Memorandum"). (Docket No. 33 ¶¶ 9-10.)

In its order of August 25, 2010, the Court determined that the Memorandum, if it was shown to be part of the plan, would require deferential review because it says both "in sum [and] substance that the plan administrator or fiduciary has authority, power[,] or discretion to determine eligibility or to construe the terms of the plan." *Sandy v. Reliance Standard Life Ins. Co.*, 222 F.3d 1202, 1207 (9th Cir. 2000).[2] However, Sun Life bore the burden of showing that

---

[2] The Memorandum includes the following passage:

[Sun Life], as Claims Fiduciary, shall have the sole and exclusive discretion and power to grant and/or deny any and all claims for benefits, and construe any and all issues relating to eligibility for benefits. All findings, decisions, and/or determinations of any type made by the Claims Fiduciary shall not be disturbed unless the Claims Fiduciary has acted in an arbitrary and/or capricious manner. Subject to the requirements of law, the Claims Fiduciary shall be on the sole judge of the standard of proof required in any claims for benefits and/or in any question of eligibility for benefits. All decisions of the Claims

its reservation of discretion was unambiguous, *Thomas*, 228 F.3d at 994, and the Court concluded that Sun Life did not show that the Memorandum was part of the plan purchased by IP Unity.

### III. DISCUSSION

Civil Local Rule 7-9 permits reconsideration of an interlocutory order if the moving party shows a "material difference in fact or law exists from that which was presented to Court before entry of the interlocutory order," "[t]he emergence of new material facts or a change in the law occurring after the time of such order," or "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." CIV. L.R. 7-9(b). Sun Life contends (1) that the Court failed to consider material facts alleged in Kathleen Peters' declaration and in Plaintiff's own declaration and (2) that new material facts warranting reconsideration of the cross-motions for partial summary judgment have emerged. To the extent that Sun Life alleges that there is a "material difference in fact," it must demonstrate that it was unaware of the true facts at the time of the hearing despite the exercise of reasonable diligence. CIV. L.R. 7-9(b)(1).

**A.    Consideration of previously presented facts**

In support of its motion for partial summary judgment, Sun Life presented the declaration of Kathleen Peters, who is the associate director of long-term disability appeals for Sun Life. (Docket No. 44 ("Peters Decl.") ¶ 1.) Ms. Peters declared that Exhibit A to her declaration is a "true and correct copy of the Certificate of Insurance issued to IP Unity . . . by [Sun Life]." (Peters Decl. ¶ 2; Ex. A.) Because Exhibit A to Ms. Peters' declaration consists of a copy of the Certificate and Memorandum presented together, Sun Life contends that the declaration proved that the Certificate and Memorandum comprised a single document. Sun Life also points to Plaintiff's own declaration, in which Plaintiff stated that upon requesting further documentation following the denial of long-term disability benefits, she received a copy of the Memorandum

---

Fiduciary shall be final and binding on all parties.

(Docket 33, Ex. C at PLAN 000031.)

1 that was "enclosed with the Certificate of Insurance." (Docket 33 ¶ 10.)

2 As is discussed at length in the Court's order, the copy of the Certificate submitted by
3 Sun Life differs materially from the copy submitted by Plaintiff. Plaintiff's copy of the
4 Certificate concludes with a page stating "END OF INSURANCE CERTIFICATE," but that
5 page is not included in Exhibit A to Ms. Peters' declaration. In the copy submitted by Plaintiff,
6 the Memorandum is not presented before the page stating "END OF INSURANCE
7 CERTIFICATE," and the pages of the Memorandum are formatted differently from the pages of
8 the Certificate, suggesting strongly that the Memorandum is not part of the Certificate. Sun Life
9 neither disputes the authenticity of Plaintiff's documents nor explains the discrepancy between
10 Plaintiff's copy of the Certificate and the copy submitted by Ms. Peters. Ms. Peters' conclusory
11 statement that Exhibit A to her declaration comprises the terms of the plan purchased by IP Unity
12 is insufficient to overcome the permissible inferences that may be drawn from Plaintiff's
13 evidence. Accordingly, the record submitted in connection with the cross-motions for partial
14 summary judgment does not show unambiguously that the plan purchased by IP Unity includes
15 the terms of the Memorandum.

**B.     New material facts**

17 In support of its motion for reconsideration, Sun Life submits the declaration of Jennifer
18 Matthews, the director of distribution services at Sun Life. (Declaration of Matthews ISO Sun
19 Life's Mot. for Leave ("Matthews Decl.") ¶ 1.) Ms. Matthews declares that in 2002, she
20 "oversaw the area responsible for the process, preparation and distribution of certificates of
21 insurance, including the certificates issued to IP Unity." (Matthews Decl. ¶ 2.) She asserts that
22 employers purchasing plans from Sun Life could elect to include the Memorandum in the terms
23 of the plan, (Matthews Decl. ¶ 10), that IP Unity did make such a request, (*id.* at ¶ 11), and that
24 copies of the Memorandum always have been included with the Certificate, (*id.* at ¶¶ 14-23).
25 These newly-alleged facts appear to be material to Sun Life's contention that the plan purchased
26 by IP Unity includes the terms of the Memorandum.

27 However, newly-*alleged* facts are not necessarily newly-*discovered* facts. Sun Life does
28 not explain adequately why the facts alleged in Ms. Matthews' declaration could not have been

4

presented in connection with the earlier cross-motions for partial summary judgment. Although Sun Life contends that it could not have known that these facts were significant prior to the issuance of the Court's decision, (Sun Life's Mot. at 3:1-2), Plaintiff's moving papers clearly raised the issue of whether the Memorandum was part of the plan purchased by IP Unity, and in response, Sun Life submitted only Ms. Peters' declaration. It is self-evidence that the facts alleged in Ms. Matthews' declaration have been known to Sun Life since 2002, and Sun Life does not explain how the facts could not have been presented in the exercise of reasonable diligence.

## IV. CONCLUSION

Good cause appearing, the motion for leave to file a motion for reconsideration is denied.

**IT IS SO ORDERED.**

DATED: 9/13/10

_____
JEREMY FOGEL
United States District Judge